2007 OK 41

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Charles Adlai RICH, Respondent.**

**SCBD No. 5296.**

Supreme Court of Oklahoma.

May 21, 2007.

ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS

¶ 1 Before this Court is an affidavit filed by Charles Adlai Rich (Respondent) pursuant to rule 8.1 of the Rules Governing Disciplinary Proceedings (RGDP), Okla. Stat. tit. 5, ch. 1, app. 1A (2001), requesting that he be allowed to resign his membership in the Oklahoma Bar Association (OBA) and relinquish his right to practice law. Also filed with this Court is the OBA's application for an order approving Respondent's resignation pending disciplinary proceedings.

¶ 2 Respondent's affidavit reflects that it was freely and voluntarily rendered, that he was not acting under coercion or duress, and that he was fully aware of the consequences of submitting his resignation. Respondent's affidavit requesting he be allowed to resign his membership in the OBA was tendered after his motion for resignation in lieu of discipline was accepted by the Supreme Court of Texas on December 12, 2006. Respondent reported the Supreme Court of Texas' acceptance of his resignation to the OBA.

¶ 3 The thrust of the nine counts of misconduct pending in Texas are as follows. Respondent received money from nine clients to perform legal services. He failed to perform any meaningful legal services. Respondent also failed to keep the clients reasonably informed about the status of their matters so that they could make informed decisions and failed to respond to his clients' requests for information. In some instances, Respondent failed to surrender the client's file upon request after being terminated, failed to respond to requests for an accounting, and failed to respond to a refund of fees or make a refund. In one instance, Respondent charged $55,000 to a credit card that had been presented to him for use in payment of his legal fees, did not provide an accounting of his fees, and did not return any portion of the charges. He also cashed a check in payment of his fees to which his client had admitted forging the endorsement signature. In another instance, Respondent failed to timely file an answer to a complainant of the disciplinary authority as required.

¶ 4 Respondent's affidavit states that he is aware:

a. The OBA was conducting an investigation as a result of his reporting to the OBA that he had filed a resignation pending discipline with the Texas Supreme Court and that this resignation and its acceptance would be treated as disbarment for all purposes.

b. Disciplinary proceedings were pending against him in Texas at the time of his resignation from the practice of law in that state and that upon submitting his resignation, the allegations of professional misconduct pending before the Texas Evidentiary Panel would be deemed to have been conclusively established for all purposes.

c. The conduct presented in the counts in Texas constitutes violations of the Oklahoma Rules of Professional Conduct, specifically rules 1.1 (competent representation), 1.4 (keeping a client reasonably informed), 1.15 (safe keeping a client's property), 1.16 (withdrawing from representation under certain circumstances), 8.1(b) (making a false statement, failing to disclose a fact, or failing to respond to a lawful demand for information), 8.4(a), (b), and (c) (violating the Oklahoma Rules of Professional Conduct, assisting another in doing so, engaging in criminal acts, or engaging in dishonest acts), and rule 1.3 of the RGDP (committing acts contrary to prescribed standard of conduct).

d. He has the right to appear before this Court to show cause why he should not be disciplined or to present evidence in mitigation of discipline and waives this right.

f. He may be reinstated to the practice of law and membership in the OBA only upon compliance with the conditions and procedures prescribed by rule 11 of the RGDP and may not apply for reinstatement to membership in the OBA prior to the expiration of five years from the date of this order.

g. As a result of his conduct, the Client Security Fund may receive claims from his former clients. Respondent agrees to reimburse the OBA, prior to filing an application for reinstatement, the principal amounts and the applicable statutory interest expended by the Client Security Fund for claims against him.

Respondent also states that he is familiar with the provisions of rule 9.1 of the RGDP and agrees to comply with all of its provisions within twenty days following the approval of his resignation. He further avers that he has destroyed his OBA membership card.

¶ 5 This Court finds:

a. Respondent's resignation from the OBA is freely and voluntarily tendered without coercion or duress, and he is fully aware of the consequences of submitting his resignation.

b. Respondent is subject to discipline by this Court pursuant to rule 7.7 of the RGDP, and Respondent has knowingly waived his right to appear before this Court to show cause why he should not be disciplined or to present evidence in mitigation of discipline.

c. Respondent's resignation pending disciplinary proceedings is in compliance with all the requirements set forth in rule 8.1 of the RGDP, Okla. Stat. tit. 5, ch.1, app. 1–A (2001), and should be approved.

d. The OBA has not sought payment of the costs incurred in the investigation of this matter.

e. Respondent's official roster address, as shown by Bar Association records, is Charles Adlai Rich, 7180 Gaston Road, # 122, Dallas, TX 75214.

¶ 6 IT IS THEREFORE ORDERED that the Oklahoma Bar Association's application is approved and Respondent's resignation is accepted and effective upon the filing of this order in the Office of the Clerk of the Appellate Courts.

¶ 7 IT IS FURTHER ORDERED that Respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to the expiration of five years from the effective date of this order.

¶ 8 IT IS FURTHER ORDERED that Respondent shall comply with rule 9.1 of the RGDP, Okla. Stat. tit. 5, ch. 1, app. 1–A (2001).

¶9 DONE BY ORDER OF THE SU-PREME COURT IN CONFERENCE this 21st day of May, 2007.

/s/ James R. Winchester
Chief Justice

ALL JUSTICES CONCUR.